**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jackson WONG, Defendant–Appellant.**

**No. 94–30404.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 1995 *.

Decided Aug. 10, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4.

Robert W. Goldsmith, Seattle, WA, for defendant-appellant.

Janet L. Freeman, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before: NOONAN and HAWKINS, Circuit Judges, and LEW,** District Judge.

MICHAEL DALY HAWKINS, Circuit Judge:

The principal issue in this appeal is whether administrative steps routinely taken prior to the formal institution of civil forfeiture proceedings, when combined with a criminal indictment arising out of the same facts, offend double jeopardy principles. We hold that they do not.

## I.

Defendant Jackson Wong, a Canadian citizen, was arrested at the United States–Canadian border because he was in possession of counterfeit United States currency, and he was eventually indicted for currency violations. At the time of his arrest, government

** The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

officials also took possession of Wong's vehicle. The government later notified him that his car would be subjected to civil forfeiture proceedings. As is routine in such cases, Wong was permitted to file an administrative petition for remission or mitigation. This is an opportunity to convince the government, prior to the filing of a formal civil forfeiture complaint, that his property should be returned. Wong chose to file the administrative petition, and, at the same time, agreed to defer any judicial or administrative forfeiture proceedings until the remission/mitigation process was completed. Wong's petition was denied. Prior to the filing of any civil forfeiture complaint, however, the government elected to return Wong's vehicle. No civil forfeiture complaint was ever filed, and Wong pled guilty to the criminal charges.

■ Based upon these facts, Wong moved to dismiss the criminal indictment against him, arguing that he was twice put in jeopardy for the same offense. The district court denied Wong's motion to dismiss the indictment, and we review that decision de novo. *United States v. Bates,* 917 F.2d 388, 392 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

## II.

■ Criminal and civil forfeiture proceedings, based upon the same acts, may, of course, subject a defendant to double jeopardy. *See United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended,* 56 F.3d 41 (9th Cir.1995). But "an accused must suffer jeopardy before he can suffer double jeopardy." *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975). Therefore, to attack his criminal conviction, Wong must demonstrate that jeopardy attached in the forfeiture process before his plea was accepted by the district court. *See United States v. Smith,* 912 F.2d 322, 324 (9th Cir.1990) (jeopardy attaches in criminal action at the time guilty plea is accepted by the court).

Wong does not dispute that forfeiture proceedings were never actually initiated. No forfeiture complaint was filed, and, consequently, Wong did not file an answer. Wong's claim is therefore precluded by our recent opinion in *United States v. Barton,* 46 F.3d 51 (9th Cir.1995). In *Barton,* we held that "[t]he earliest that jeopardy could have attached to the civil [forfeiture] proceedings was ... when Barton filed his answer to the forfeiture complaint." *Id.* at 52. Because Barton pleaded guilty to criminal charges before filing his answer to the forfeiture complaint, his conviction was not subject to a double jeopardy attack. *Id.; see also United States v. Faber,* 57 F.3d 873, 874–75 (9th Cir.1995) (where jeopardy first attached in criminal proceeding, that proceeding does not violate double jeopardy and criminal conviction must stand). In this case, Wong pled guilty to the criminal charges before any civil forfeiture complaint was filed, and therefore his criminal conviction does not violate double jeopardy.

■ Wong argues that, although civil forfeiture proceedings never actually began, jeopardy attached in the preliminary administrative process because he filed a petition for remission or mitigation under 19 U.S.C. § 1618. We disagree. Wong has not cited any authority for the proposition that a petition for remission or mitigation is significant in the double jeopardy analysis. The remission or mitigation process under § 1618 is not a formal proceeding seeking to punish the petitioner. It is an administrative prelude to the formal forfeiture proceeding, wherein a valid forfeiture is presumed, and the petitioner is permitted to ask for leniency. *See* 28 C.F.R. § 9.5; *United States v. Von Neumann,* 474 U.S. 242, 250, 106 S.Ct. 610, 615, 88 L.Ed.2d 587 (1986) ("The remission statute simply grants the Secretary the discretion not to pursue a complete forfeiture, despite the government's entitlement to one."). Such a preliminary administrative step, which precedes the filing of a civil forfeiture complaint and formal forfeiture proceedings, does not create jeopardy. *Cf. United States v. Vaughan,* 715 F.2d 1373, 1376 (9th Cir.1983) (defendant was not placed in jeopardy where indictment was dismissed before trial); *United States v. Patrick,* 532 F.2d 142 (9th Cir.1976) (preliminary motions at which evidence is received and issues of fact are decided may be heard by judge in

criminal case without causing jeopardy to attach).

### III.

Wong also urges us to find that he was punished within the meaning of the Double Jeopardy Clause by being deprived use of his car for 5 months. Again, Wong cites no authority for the argument he presents. Wong is casting a due process argument, *see, e.g., United States v. Good Real Property,* — U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (holding that the taking of property can trigger due process violation); *United States v. $8,850 in U.S. Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (delay between seizure and commencement of forfeiture proceedings may violate due process), in terms of double jeopardy, in hopes of attacking his conviction. This is an inventive argument for which there is no support.[1]

**AFFIRMED.**

---

1. We reject the government's contention that Wong waived these double jeopardy claims by pleading guilty. It is true that a defendant may waive the right to collaterally attack his conviction on double jeopardy grounds by pleading guilty. *See United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). However, an exception to this rule exists when "the judge could determine at the time of accepting the plea, from the indictment or from the record, that the government lacked the power to bring the indictment." *United States v. Montilla,* 870 F.2d 549, 552 (9th Cir.1989), *amended,* 907 F.2d 115 (9th Cir.1990). Here, the district court accepted Wong's guilty plea on October 21, 1994. At that time, the district court could resolve Wong's double jeopardy claims by looking to the indictment and the record. Because no evidentiary hearing or trial testimony was necessary, Wong did not waive his double jeopardy claims. *Montilla,* 870 F.2d at 553.