70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rona Rae HOEHNE, Defendant-Appellant.
 No. 95-30145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rona Rae Hoehne appeals the district court's order denying her motion to dismiss her indictment on double jeopardy grounds. We have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291, see United States v. Washington, No. 95-50076, slip op. 14465, 14469 (9th Cir. Nov. 8, 1995), and affirm.
 
 A. Background
 
 3
 On September 23, 1994, Hoehne, an employee of the Philipsburg Ranger District of the United States Forest Service, ("Service") admitted embezzling funds from the Service's campground fees and timber sales. Hoehne resigned from the Service and her separation was recorded as "resignation pending disciplinary action."
 
 
 4
 Subsequently, Hoehne's supervisor mailed her a letter which stated that Hoehne could not seek a refund of her retirement contribution, annual leave, and final time and attendance because those funds would be used for repayment of Hoehne's debt to the Service. Hoehne concedes that "she acquiesced in this forfeiture and has made no effort to collect the money that she was due from the [Service]."
 
 
 5
 Hoehne was indicted on two counts of embezzlement, and filed a motion to quash on double jeopardy grounds. Hoehne alleged that the holding of her annual pay and retirement contributions, together with the loss of future wages that resulted from her termination, constituted punishment within the meaning of the double jeopardy clause. The district court denied the motion to quash and Hoehne timely appealed.
 
 B. Analysis
 
 6
 We review de novo a district court's denial of a motion to dismiss an indictment on double jeopardy grounds. Washington, No. 95-50076, slip op. at 14469. Although criminal and civil forfeiture proceedings based on the same facts may subject a defendant to double jeopardy, jeopardy does not attach whenever the Government seizes property. See id. at 14469-70 (citing United States v. Wong, 62 F.3d 1212, 1214 (9th Cir.1995) (administrative steps taken prior to the formal institution of civil forfeiture proceedings did not place defendant in jeopardy); United States v. Cretacci, 62 F.3d 307, 310-11 (9th Cir.1995) (forfeiture of unclaimed property pursuant to 18 U.S.C. Sec. 981(a)(1)(A) did not place defendant in jeopardy).
 
 
 7
 We agree with the district court that the double jeopardy clause does not bar Hoehne's criminal prosecution. First, to the extent that Hoehne claims that the government's termination of her employment constituted a civil penalty, her claim must be disregarded because the record indicates that Hoehne voluntarily chose to resign.
 
 
 8
 Second, there is nothing in the record indicating that the government ever instituted formal forfeiture proceedings against Hoehne's retirement contributions or annual leave and attendance pay, see Wong, 62 F.3d at 1214, or that Hoehne ever contested any purported forfeiture arising from such proceedings, see Washington, No. 95-50076, slip op. at 14469; Cretacci, 62 F.3d at 310-11. The Service asserts that it has frozen the property already in its possession pending the outcome of Hoehne's criminal case so that it can determine whether the amount may be applied toward restitution.
 
 
 9
 We conclude that jeopardy has not attached to the seizure of Hoehne's property, see Washington, No. 95-50076, slip op. at 14469, and therefore we reject Hoehne's claim that her criminal prosecution violates the double jeopardy clause.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3