76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Stanislaus ROSARIO, Defendant-Appellant.
 No. 95-50183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Stanislaus Rosario appeals his conviction and sentence imposed following entry of a guilty plea to possession of a listed chemical with intent to manufacture or having knowledge that it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(d). Rosario contends that the district court erred by denying his motion to dismiss the indictment on double jeopardy grounds and, in the alternative, that his sentence should be modified because the district court's failure to depart downward was based on the court's misapplication of the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Rosario contends that his guilty plea should be vacated and the indictment dismissed because he has already been subjected to punishment for the same offense through the government's uncontested administrative forfeiture proceedings.[1] This contention lacks merit because an administrative forfeiture of unclaimed property does not constitute punishment for purposes of the Double Jeopardy Clause. See United States v. Washington, No. 95-50076, slip op. 14465, 14470-71 (9th Cir. Nov. 8, 1995); United States v. Cretacci, 62 F.3d 307, 310 (9th Cir.1995).
 
 
 4
 Alternatively, Rosario contends that his sentence should be modified because the district court's decision not to depart downward was premised on the erroneous assumption that U.S.S.G. § 2D1.1 rather than U.S.S.G. § 2D1.11 was applicable. The government contends, and we agree, that the district court's discretionary refusal to depart downward is not reviewable on appeal. See United States v. Hanna, 49 F.3d 572, 576 (9th Cir.1995).
 
 
 5
 AFFIRMED.
 
 
 
 *
 Because the panel unanimously finds this case suitable for decision without oral argument, Rosario's request for oral argument is denied. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's argument that by entering a voluntary guilty plea, Rosario waived his right to assert a double jeopardy violation on appeal. See United States v. Wong, 62 F.3d 1212, 1215 n. 1 (9th Cir.1995) (defendant does not waive his right to challenge his criminal conviction on double jeopardy grounds by pleading guilty where judge, at time of plea acceptance, could determine from record whether government lacked power to indict defendant)