77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack LANDE, aka White Buffalo, Defendant-Appellant.
 No. 95-35715.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 13, 1996.
 
 1
 Before: WRIGHT, HALL and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm the district court's decision to deny Mr. Lande's petition for relief under 28 U.S.C. § 2255.
 
 
 4
 An appellant's voluntary and intelligent guilty plea generally forfeits his right to argue double jeopardy in a motion for § 2255 relief. United States v. Broce, 488 U.S. 563, 569 (1989). A limited exception to this rule exists where a defendant can show, on the basis of the record before the trial judge at the time of the guilty plea, that the state could not constitutionally prosecute the charges to which the defendant pled guilty. Id. at 575. This exception is not available to a defendant who needs an evidentiary hearing to prove his claim of error. Id.
 
 
 5
 Mr. Lande pled guilty to the crimes for which he was convicted but now claims he was subjected to double jeopardy because the government pursued forfeiture of his property in a separate proceeding. He claims to fall within the exception to the Broce rule insofar as he relies only on the face of the indictments and the "record in the civil and criminal actions."
 
 
 6
 As an initial matter, application of the Broce rule turns on whether it is clear from the trial court's own record whether a charge, "judged on its face," cannot be constitutionally prosecuted. Id. at 575 (quoting Menna v. New York, 423 U.S. 61, 63, n. 2 (1975)). Appellant cites to no portion of the lengthy district court record in this case that shows how the district court could have concluded from the indictments and record before it that the United States could not constitutionally prosecute the charges to which appellant pled guilty. Therefore, he has not shown that he falls into the limited exception to the general rule that a guilty plea forfeits a defendant's right to later argue double jeopardy.
 
 
 7
 We would reject Mr. Lande's claim even if we were to reach the merits, however. After seizure of appellant's property, U.S. Customs notified appellant that he could contest forfeiture in court or request administrative relief from forfeiture. Mr. Lande chose to request administrative relief on November 28, 1988. He does not cite to any further steps taken by the government to obtain forfeiture through administrative proceedings.
 
 
 8
 Jeopardy does not attach merely because a claimant has requested administrative relief from forfeiture. United States v. Wong, 62 F.3d 1212, 1214 (9th Cir.1995). The earliest jeopardy can attach in a civil proceeding is when the claimant files an answer to a civil forfeiture complaint (a document that is distinct from mere notice that property is subject to forfeiture). Id. Mr. Lande has given no indication that any such proceedings have occurred. Therefore, he has not shown that he was ever in jeopardy in a civil proceeding independent from the criminal proceedings in which he pled guilty.
 
 
 9
 We reject Mr. Lande's jurisdictional, due process, and "ignorance of the law" arguments for the same reasons given by the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3