83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. HOFFMAN, Defendant-Appellant.
 No. 95-56510.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Ronald J. Hoffman appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for illegally exporting defense technology. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991), and we affirm.
 
 
 3
 Hoffman contends that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because of the prior administrative forfeiture of his automobile used during his crimes. However, because Hoffman concedes that he received adequate notice of the forfeiture but failed to file a claim of ownership and cost bond to contest the forfeiture, his double jeopardy contention is foreclosed by United States v. Cretacci, 62 F.3d 307 (9th Cir.1995), petition for cert. filed (Feb 13, 1996) (No. 95-7955) (forfeiture of abandoned property does not implicate any rights protected by Double Jeopardy Clause).
 
 
 4
 We do not find persuasive Hoffman's argument that by filing a petition for remission or mitigation he adequately claimed an ownership interest in the property such that it could not be deemed abandoned. See 19 U.S.C. § 1609(a) (1988); United States v. Castro, No. 95-50480, slip op. 2089, 2097 (9th Cir. March 5, 1996) (merely asserting ownership without fully complying with the requirements for filing a claim and cost bond constitutes abandonment of property as a matter of law); see also United States v. Wong, 62 F.3d 1212 (9th Cir.1995) (because petition for remission or mitigation is not a formal proceeding, no jeopardy attached to filing of petition for remission/mitigation).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3