86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael J. CONNELL, Defendant-Appellant.
 No. 94-10426.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided May 31, 1996.
 
 Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 United States v. Lopez, 115 S.Ct. 1624 (1995), does not undermine our holding in United States v. Visman, 919 F.2d 1390, 1392-93 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991), that 21 U.S.C. § 841(a)(1) is a valid exercise of Congress' Commerce Clause powers. See United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir.1996); United States v. Brown, 72 F.3d 96, 97 (8th Cir.1995) (per curiam); United States v. Leshuk, 65 F.3d 1105, 1111-12 (4th Cir.1995).
 
 
 3
 While the government did not present sufficient evidence to convict Connell of a single, ongoing conspiracy as charged in the indictment, he was not prejudiced by that variance. See United States v. Alvarez, 972 F.2d 1000, 1004 (9th Cir.1992) ("A variance requires reversal only when the defendant was prejudiced thereby."), cert. denied, 507 U.S. 977 (1993). While the district judge did give a Pinkerton instruction, see Pinkerton v. United States, 328 U.S. 640, 645-48 (1946), he also gave a personal attempt instruction. Where two theories of criminal liability are put before the jury, the fact that one is not supported by the evidence does not undermine an otherwise valid conviction. Griffin v. United States, 502 U.S. 46, 56-60 (1991).
 
 
 4
 Any error in the district court's Pinkerton instruction was harmless. The jury acquitted defendant of being involved in a conspiracy with Ripley. A finding of conspiracy was necessary to convict defendant under the Pinkerton theory. Thus, the jury must have unanimously convicted defendant under the personal attempt theory.
 
 
 5
 Whether it was error for the district court to refuse to give the defendant's buyer-seller instruction is a moot issue. That instruction related only to count 1 of the indictment, of which defendant was acquitted.
 
 
 6
 The district court did not commit plain error in failing to give a unanimity instruction because the error, if any, did not affect any substantial rights. See Fed.R.Crim.P. 52(b). The jury unanimously convicted defendant under the personal attempt theory.
 
 
 7
 There was sufficient evidence to support a finding that defendant took a substantial step towards possessing the cocaine: He gave O'Brien $30,000 as a down payment. Cf. United States v. Runco, 873 F.2d 1230, 1232 (9th Cir.1989) (agreeing to purchase cocaine and showing money was substantial step).
 
 
 8
 There was no prosecutorial misconduct in using grand jury subpoenas to gather evidence after the indictment had been handed down. Even though some of the evidence related to the defendant, the subpoenas in question were being used to investigate unindicted suspects as well. See In re Grand Jury Proceedings, 586 F.2d 724, 725 (9th Cir.1978).
 
 
 9
 The district court properly rejected defendant's Batson challenges because the prosecutor presented credible race-neutral reasons for striking the two jurors. See Batson v. Kentucky, 476 U.S. 79, 97-98 (1986).
 
 
 10
 No prosecutorial misconduct was involved in Dove's failure to testify. The prosecutor's conduct was proper, the prosecutor had no personal contact with Dove and Dove's decision not to testify was based on the advice of her lawyer. See United States v. Baker, 10 F.3d 1374, 1414-15 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994).
 
 
 11
 The cumulative effect of these alleged errors does not warrant reversal.
 
 
 12
 Connell presents no evidence that jeopardy ever attached in the forfeiture action concerning his car. See United States v. Wong, 62 F.3d 1212, 1214 (9th Cir.1995) (burden on defendant to prove jeopardy attached). The temporary seizure of his car did not, in and of itself, constitute punishment. See id. at 1215.
 
 
 13
 Defendant's acquittal on the conspiracy count is not inconsistent with the district court's finding that the relevant conduct involved 15 kilograms of cocaine. See United States v. Diaz-Rosas, 13 F.3d 1305, 1308 (9th Cir.), cert. denied, 114 S.Ct. 1848 (1994). There was sufficient evidence to show that defendant had personally purchased at least that much cocaine from O'Brien.
 
 
 14
 Defendant did not object to the fine imposed; under such circumstances, the district judge's failure to make findings was certainly not error. Cf. United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.), cert. denied, 493 U.S. 895 (1989).
 
 
 15
 U.S.S.G. § 5E1.2(i) is a valid exercise of the Sentencing Commission's authority. See United States v. Zakhor, 58 F.3d 464, 467 (9th Cir.1995).
 
 
 16
 Defendant requests that we reconsider Wong, 62 F.3d at 1215 (temporary loss of car is not punishment), and United States v. Wong, 2 F.3d 927, 929 (9th Cir.1993) (Sentencing Commission did not exceed statutory authority in promulgating sentencing provision that allowed consideration of uncharged crimes), cert. denied, 114 S.Ct. 2705 (1994). We cannot. See Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir.) ("[O]nly the court sitting en banc may overrule a prior decision of the court."), cert. denied, 114 S.Ct. 289 (1993).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3