124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
LYLE J. HITCHCOCK, Defendant-Appellant.
 No. 96-55333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-95-01401-ER, CR-90-498(A)ER; Edward Rafeedie, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Lyle J. Hitchcock appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for his guilty plea conviction to conspiracy to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 846.
 
 
 3
 Hitchcock contends that his criminal conviction violated the Double Jeopardy Clause due to the prior forfeiture of his car and personal items. Forfeiture proceedings, however, were never initiated against Hitchcock's property, and therefore, there was no violation of double jeopardy. See United States v. Wong, 62 F.3d 1212, 1214 (9th Cir.1995).[1]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hitchcock raises a new issue for the first time on appeal concerning the voluntariness of his plea. Because this issue was not addressed by the district court, we will not review it. United States v. Castro, 887 F.2d 988, 996 (9th Cir.1989)