**Commonwealth** of the Northern Mariana Islands,
Plaintiff/Appellant,
**v.**
Augustine **Aguon,**
Defendant/Appellee.
Appeal No. 97-004
Criminal Case No. 96-0201
October 30, 1997

Argued and submitted September 29, 1997

Counsel for Appellant:   Robert B. Dunlap II, Acting Attorney General and Richard C. Folta, Special Assistant to Attorney General, Saipan.

---

Counsel for Appellee: Charles R. Rotbart, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices.

ATALIG, Justice:

¶1 ■ The Commonwealth of the Northern Mariana Islands ("Commonwealth") appeals the Superior Court's January 13, 1997, judgment dismissing its case against Augustine Aguon ("Aguon") for violating his rights against double jeopardy. This Court has jurisdiction pursuant to title 1, § 3102(a) of the Commonwealth Code. We reverse.

## ISSUE PRESENTED AND STANDARD OF REVIEW

¶2 The dispositive issue is whether the Superior Court erred in holding that the June 15, 1996, administrative hearing and the resulting assessment of the $3,000 fine resulted in the attachment of double jeopardy.

¶3 ■ We review conclusions of law de novo. *Commonwealth v. Oden*, 3 N.M.I. 186, 191 (1992).

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On or about December 7, 1995, Aguon was found in possession of two dead fruit bats and two live juvenile fruit bats by the Division of Fish and Wildlife ("DFW"). The fruit bats were later seized by DFW on December 14, 1995. Excerpts of Record ("E.R.") at ___.[1]

¶5 On April 29, 1996, Richard Seman ("Seman"), the Acting Director of DFW, sent a Notice of Violation and Forfeiture to Aguon. The Notice stated: 1) Aguon had been found to be in violation of the Fish and Game Laws of the Commonwealth; 2) Aguon had been assessed a civil fine totaling $3,000 for the violations; 3) The confiscated bats were forfeited to the Commonwealth pursuant to 2 CMC § 5109(f) (a); 4) Aguon had a right to notice of the violation and the forfeiture; and 5) Any written request for appeal must be made within 14 days of the notice otherwise any defenses would be waived. E.R. at ___.

¶6 Aguon filed a Notice of Appeal and Request for Hearing. Supplemental Excerpts of Record, Exhibit A. The hearing was held on June 15, 1996. Present at the hearing were: Seman, Conservation Officers John Manglona and Robert Magofna, Aguon and Charles Rotbart (Aguon's attorney). There was no sworn testimony taken at the hearing. During the hearing, since there were some unresolved issues of who was actually in possession of the fruit bats, another hearing was scheduled for December 7, 1996. Seman assessed that the civil fine of $3,000 was a fair estimate of the investigation costs involved in the case. The rehearing was never conducted. E.R. at ___. Aguon did not pay the $3,000 fine and DFW did not take any action to collect the penalty. E.R. at ___. On September 11, 1996, the Commonwealth filed an Information in the Superior Court charging Aguon with possession of two dead fruit bats and two live juvenile bats in violation of Fish and Wildlife Hunting Regulations §§ 3.1 (b)(c) and 3.9. The violations were punishable by 2 CMC § 5109. E.R. at ___.

¶7 On October 9, 1996, Seman rescinded the April 29, 1996, Notice of Violation and Forfeiture. Suppl. E.R., Exhibit C. On January 13, 1997, the Superior Court granted Aguon's motion to dismiss the Information concluding that it violated his rights against double jeopardy. E.R. at ___. The Commonwealth filed a timely notice of appeal.

## ANALYSIS

¶8 ■ The Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States is parallel to Article I, § 4(e) of the Commonwealth Constitution. "No person shall be put twice in jeopardy for the same offense regardless of the government entity that first institutes prosecution." N.M.I. Const. art.1, § 4(e) (1978).

¶9 This provision protects against three types of abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishment for the same offense. *Oden*, 3 N.M.I. at 205-07.

¶10 ■ Although double jeopardy usually bars successive criminal prosecutions or multiple criminal punishments, it may also prevent the government from subjecting a defendant to both a criminal punishment and a civil sanction. *U.S. v. Halper*, 490 U.S. 435, 448, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The Halper principle applies whether the civil penalty or criminal punishment comes first. *U.S. v. Sanchez-Escareno*, 950 F.2d 193, 200 (5th Cir. 1991).

¶11 The Double Jeopardy Clause bars a second prosecution only if jeopardy attached in the original proceeding.[2] Since Aguon was not acquitted or convicted

---

[1] Counsel for appellant did not paginate, tab, or index the Excerpts of Records as is required by Com. R. App. P. 30(e). In addition, counsel did not follow the rules regarding filing their opening brief as is required by Com. R. App. P. 32(a).

[2] In a criminal action, jeopardy attaches when the jury is empaneled and sworn in or when the court begins to hear evidence. *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). In most civil actions, jeopardy ■

of a crime, double jeopardy would only attach if he were found to have been punished more than once for the same offense. Therefore, in this case, double jeopardy would only attach if the June 15, 1996, administrative hearing and the resulting assessment of the $3,000 fine resulted in the attachment of double jeopardy so that the filing of the Criminal Information would constitute the second time that Aguon was placed in jeopardy for the same offense.

## A. June 15, 1996 administrative hearing

¶12   The Superior Court found that DFW's issuance of the Notice assessing the fine and the subsequent administrative appeal process had subjected Aguon to the hazards of trial. Therefore, the Government had begun to extract a form of punishment and double jeopardy attached. We disagree. There were no indications that the hearing subjected Aguon to the hazards of a trial. There was no sworn testimony, no cross examination of witnesses and no counsel representing the government.

## B. $3,000 fine[3]

¶13   ▆ In addition to the forfeiture of the bats, Aguon was assessed a fine of $3,000 pursuant to 2 CMC § 5109 (c)(2).[4] We adopt the holding of those jurisdictions who hold that in most civil actions, in order for double jeopardy to attach, the government must collect the penalty or at least attempt to collect the penalty. *Sanchez-Escareno, supra,* 950 F.2d. at 201. *See United States v. Sanchez-Cobarruvias,* 65 F.3d 781 (9th Cir. 1995); *United States v. Wong,* 62 F.3d 1212 (9th Cir. 1995).

¶14   In Sanchez-Escareno, the defendants (appellees) were captured by U.S. Customs officials attempting to smuggle marijuana into the United States from Mexico. *Sanchez-Escareno, supra,* 950 F.2d. at 195. The defendants were arrested, their cars were seized, and they were subjected to a civil penalty under 19 U.S.C. §1497 for importation of undeclared articles. *Id.* The defendants were indicted for conspiracy to import, distribute and possess marijuana. The district court judge dismissed the counts finding that the signing of the promissory notes was sufficient punishment for double jeopardy to attach even though the appellees had not paid the civil penalties and the government had not taken any steps to collect the promissory notes. *Id.* at 197.

¶15   The Court of Appeals reversed and held that there was no punishment under the Double Jeopardy Clause since the promissory notes had not been collected nor had there been a judgment or payment by the defendants. *Id.* at 201. The Court noted that the constitutional prohibition against double jeopardy was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. *Id.* at 202 (citations omitted). The Court found that in this case, the government had not yet attempted to take any property from the defendants nor deprived them of their liberty. *Id.* If the defendant had actually paid the civil fines, then subsequent criminal prosecution would be double jeopardy. *Id.* at 203.

¶16   In this case, Aguon was not punished by the assessment of the fine since it was not paid and the Commonwealth has not taken any steps to collect the fee.

## CONCLUSION

¶17   Therefore, since Aguon was not punished by the civil fine nor was he subjected to the hazards of a trial during the administrative hearing, double jeopardy did not attach and the commencement of the Criminal Information did not violate his rights against double jeopardy.

For the reasons set forth above, we hereby **REVERSE** the Superior Court's January 13, 1997 judgment.

---

attaches when the government collects the penalty. *Sanchez-Escareno, supra,* 950 F.2d. at 201.

[3]   The Superior Court found that the $3,000 fine was punitive. Since the fine was not collected, we need not address the issue of whether the fine was punitive or remedial.

[4]   Any person . . . who knowingly and willfully violates any regulation or order issued under this chapter relating to fish or game, or any term of any license or permit issued under this chapter relating to fish or game, may be assessed a civil penalty by the Chief of not more than $1.000 for each violation. Any such person who otherwise commits any such violation may be assessed a civil penalty by the Chief of not more than $100.
2 CMC § 5109.