103 F.3d 121
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Everett HASELDEN, a/k/a Sonny, Defendant-Appellant.
 No. 95-5610.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1996.
Decided Dec. 17, 1996.
 
 Gregory P. Harris, Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, David J. Slattery, Assistant United States Attorney, Columbia, South Carolina, for Appellee.
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine. Pursuant to the plea agreement, the Government administered a polygraph examination prior to sentencing, which Appellant failed. Appellant also failed a second polygraph examination. The plea agreement further provided that if Appellant failed to fulfill any of his obligations under the agreement, including the promise to successfully complete a polygraph examination, the Government would, at its option, be relieved of any or all of its obligations under the agreement.
 
 
 2
 Both parties acknowledge that the Government assented in an oral agreement not to institute a civil in rem forfeiture action against Appellant's farm if Appellant complied with the terms of the written agreement. Appellant argues on appeal that the Government breached the terms of the oral plea agreement when it instituted the civil in rem forfeiture action against his farm. We hold that Appellant fails to establish by a preponderance of the evidence that the Government breached the plea agreement. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991). In fact, the Government's action was completely consistent with the terms of the agreements. Appellant promised to successfully complete a polygraph examination, and he failed to do so. Pursuant to the terms of the plea agreement, this relieved the Government of its promise not to institute a civil in rem forfeiture action against Appellant's farm.
 
 
 3
 Accordingly, we affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.