**UNITED STATES of America,
Plaintiff,**

v.

**328 POUNDS, MORE OR LESS, OF WILD AMERICAN GINSENG,
Defendant.**

No. CIV. 1:03CV288.

United States District Court,
W.D. North Carolina,
Asheville Division.

Dec. 9, 2004.

Michael J. Smith, St. Simons Island, GA, Claimant Pro Se.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Plaintiff's motion for judgment on the pleadings against Claimants Hong Kong Hang Wo, Inc. ("HKHW"), American Root Enterprises, LLC ("ARE"), and Lorraine Chaffin; and Claimants ARE and HKHW's motion for leave to file a joint reply in response to the Plaintiff's reply in support of the motion for judgment on the pleadings.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 18, 2002, Special Agent Thomas Chisdock with the U.S. Fish and Wildlife Service pulled over Mark Chafin on Interstate 40–West at the first rest area in Tennessee after crossing the North Carolina–Tennessee state border. Affidavit of Thomas Chisdock, filed December 11, 2003, at 1–2. The agent seized approximately 328 pounds of North American wild ginseng from Chafin's automobile. *Id.*, at 2. The ginseng was seized because Chafin had allegedly transported the ginseng across the state border as part of a commercial enterprise without obtaining valid export certificates from the North Carolina Department of Agriculture. *Id.*, at 1–2. Criminal charges against Chaffin were dropped after his death.

On December 18, 2003, in response to a complaint filed by the United States, the Court issued an order and warrant for the arrest of the 328 pounds of ginseng. Order and Warrant for Arrest *In Rem*, filed December 18, 2004, at 1. Notice was served on all parties believed likely to claim an interest in the seized ginseng. *See* Public Notice of Action and Seizure of

_____

Thomas R. Ascik, Asst. U.S. Attorney, Asheville, NC, for Plaintiff.

Clifford C. Marshall, Marshall & Roth, PLLC, Asheville, NC, J. Scott Broome, Rotatori, Bender, Gragel, Stoper & Alexander, Co., LPA, Cleveland, OH, for Claimants.

Property by United States, filed December 29, 2003. Claimants HKHW, ARE, and Lorraine Chaffin, through her father Michael Smith, filed claims asserting an interest in the ginseng in response to the Government's complaint. HKHW and ARE also properly filed answers in response to the Government's complaint.

On August 24 and August 31, 2004, the United States filed motions to dismiss and for judgment on the pleadings under Fed. R.Civ.P. 12(c) against Claimants ARE and HKHW, respectively, on the grounds that neither has a recognizable ownership interest in the ginseng subject to forfeiture proceedings and, therefore, has no Article III standing to challenge the forfeiture. The United States also moved for dismissal and judgment on the pleadings against Claimant Lorraine Chaffin on the grounds that she failed to properly file a claim and answer, and failed to deny the averments of the United States. Claimants HKHW and ARE filed timely responses to the motion for judgment on the pleadings, while Claimant Lorraine Chaffin failed to respond. The United States filed timely answers to the responses of both HKHW and ARE on October 15, 2004. On November 22, 2004, Claimants HKHW and ARE filed a joint reply to the United States' answers along with a motion for leave to file the joint reply. The United States has since filed an answer to the joint reply.

## II. MOTION OF CLAIMANTS HKHW AND ARE FOR LEAVE TO FILE JOINT REPLY

The Court grants the motion of Claimants HKHW and ARE for leave to file a joint reply; the United States has filed an answer to the joint reply and did not oppose the motion.

## III. MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST CLAIMANTS HKHW AND ARE

The United States moves for dismissal and judgment on the pleadings on the grounds that Claimants HKHW and ARE do not have a recognizable ownership interest in the ginseng subject to forfeiture proceedings and, therefore, do not have Article III standing to challenge the forfeiture.

### A. Standard of Review

In adjudicating a motion for judgment on the pleadings under Rule 12(c), the Court should apply the same standard as when evaluating a motion to dismiss under Rule 12(b)(6). *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.,* 278 F.3d 401, 406 (4th Cir.2002). "A motion to dismiss under [Rule 12(c) ] tests the sufficiency of a [claim], it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). Therefore, the Court should grant a motion for judgment on the pleadings " 'only . . . if, after accepting all well pleaded allegations in the [non-moving party's claim] as true and drawing all reasonable factual inferences from those facts in [that party's favor], it appears certain that the [non-moving party] cannot prove any set of facts in support of [its] claim entitling [it] to relief." ' *Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc.,* 236 F.Supp.2d 536, 540 (W.D.N.C.2002), *aff'd in part, vacated in part on other grounds,* 386 F.3d 581 (4th Cir.2004) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999) (evaluating Rule 12(b)(6) motion)); *see also, Bruce v. Riddle,* 631 F.2d 272, 274 (4th Cir.1980) (applying standard under Rule 12(c)).

## B. Claimants HKHW and ARE's Contracts to Purchase Ginseng

On October 14, 2002, Chang Ho, an officer of HKHW, agreed in a phone conversation with Mark Chaffin to purchase 120 pounds of ginseng, 100 pounds from Tennessee and 20 pounds from North Carolina. Response of HKHW to the United States' Motion to Dismiss and/or for Judgment on the Pleadings ["HKHW Response"], filed September 14, 2004, at 2. Pursuant to the agreement, HKHW sent a check in the amount of $46,275 on October 15, 2002, to Chaffin's business, Noblestar Ginseng International, for the 120 pounds of ginseng. *Id.* The check was negotiated by Chaffin on October 17, 2002. *Id.* HKHW received from Chaffin the 100 pounds of Tennessee ginseng with proper legal documentation, but never received the 20 pounds of North Carolina ginseng for which HKHW paid $8,275. *Id.* Additionally, on October 17, 2002, Chaffin called HKHW and offered to sell an additional 100 pounds of North Carolina ginseng, to which HKHW agreed. *Id.*, at 3. Pursuant to this agreement, HKHW sent another check to Chaffin in the amount of $43,000 which was negotiated on October 22, 2002. *Id.* HKHW never received this additional 100 pounds of North Carolina ginseng from Chaffin. *Id.*

On October 18, 2002, David Kong, an officer of Claimant ARE, agreed to purchase 200 pounds of ginseng from Chaffin, 100 pounds from Tennessee and 100 pounds from North Carolina. Response of ARE to the United States' Motion to Dismiss and/or for Judgment on the Pleadings ["ARE Response"], filed September 14, 2004, at 2. On October 23, 2002, Claimant ARE sent Chaffin a check in the amount of $80,836 which was negotiated by Chaffin the same day. *Id.* While ARE received the Tennessee ginseng from Chaffin, it never received the 100 pounds of North Carolina ginseng, which made up $43,000 of the amount paid. *Id.*, at 2–3.

## C. Article III Standing

 A forfeiture proceeding is an "*in rem* action against the seized property brought under the fiction that the property itself is guilty of facilitating the crime." *United States v. Real Property Described in Deeds Recorded at Book/Page 839/846, 639/840, 639/834, 639/287, and 610/727 Henderson County Registry and Insurance Proceeds,* 962 F.Supp. 734, 736–37 (W.D.N.C.1997). In a forfeiture proceeding, the Government must first prove by a preponderance of the evidence that the property at issue in the proceeding is subject to forfeiture. *United States v. Mondragon,* 313 F.3d 862, 865 (4th Cir.2002) (citing 18 U.S.C. § 983(c)(1)). Once the Government has satisfied this standard, the burden then shifts to a claimant, who must prove by a preponderance of the evidence that he or she is entitled to some affirmative defense.[1] *United States v. 630 Ardmore Drive, City of Durham, Parkwood Township, Durham County, North Carolina,* 178 F.Supp.2d 572, 580 (M.D.N.C.2001) (citing 18 U.S.C. § 983(d)). However, "[i]n order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise there

---

**1.** Prior to the Civil Asset Forfeiture Reform Act of 2000, the Government was only required to show probable cause "that a substantial connection exist[ed] between the property to be forfeited and the criminal activity defined by the statute." *United States v. Thomas,* 913 F.2d 1111, 1114 (4th Cir.1990) (internal quotations omitted). The burden then shifted "to the claimant to establish, by the preponderance of the evidence, that the property was not acquired in violation of the law or otherwise linked to illegal ... activity." *Id.*

is no case or controversy, in the constitutional sense, capable of adjudication in the federal courts." *Real Property Described in Deeds,* 962 F.Supp. at 737 (internal citations omitted). Therefore, a claimant contesting a forfeiture must put forth some evidence of ownership over the forfeited property. For purposes of standing to challenge a forfeiture, Congress has interpreted the term "owner" broadly "to include any person with a recognizable legal or equitable interest in the property seized." *United States v. $3,000 in Cash,* 906 F.Supp. 1061, 1065 (E.D.Va.1995) (citations omitted). However, a claimant must come forward with more than just "a mere assertion" of ownership, and a Court will " 'generally look to indicia of dominion and control such as possession, title, and financial stake.' " *Real Property Described in Deeds,* 962 F.Supp. at 737 (quoting *United States v. $38,570 U.S. Currency,* 950 F.2d 1108, 1112 (5th Cir.1992)). In determining the scope of a claimant's ownership, " 'it is appropriate to refer to state law[.]' " *$3,000 in Cash, supra,* (quoting *United States v. Smith,* 966 F.2d 1045, 1054 n. 10 (6th Cir.1992)).

## D. Choice of Law

The parties here dispute which state law governs the determination of HKHW and ARE's ownership interest in the ginseng; the Claimants allege Wisconsin law governs and the United States alleges North Carolina law governs. However, both North Carolina and Wisconsin have adopted Article II of the Uniform Commercial Code ("U.C.C.") to govern transactions in goods. *See* N.C. Gen.Stat. §§ 25–2–101 *et seq.;* Wisc. Stat. §§ 401.101 *et seq.* Article II defines goods as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities ..., and things in action ... [but also including] the unborn young of animals and growing crops and other identified things attached to realty[.]" N.C. Gen.Stat. § 25–2–105; Wisc. Stat. § 402.105. Therefore, under this broad definition of goods, a contract for the sale of ginseng is governed by the U.C.C. under either North Carolina or Wisconsin law.[2] Given that each state has adopted the U.C.C., and the Court finds its application, as adopted in both states, as determinative of the motions before it, it is unnecessary to determine at this time which state's laws govern the transactions at issue here.[3]

## E. Standing of Claimants HKHW and ARE

■■■ Despite the broad interpretation given to "ownership" by Congress and the courts with regard to standing in forfeiture proceedings, an unsecured creditor gener-

---

2. Under U.C.C. § 2–201(3)(c), as adopted in North Carolina and Wisconsin, a contract for the sale of goods for the price of $500 or more, is still enforceable, despite not satisfying the statute of frauds, "with respect to goods for which payment has been made." *See,* N.C. Gen.Stat. § 25–2–201(3)(c); Wisc. Stat. § 402.201(3)(c).

3. The Court notes that U.C.C. § 1–105, as adopted in both Wisconsin and North Carolina, determines which state law should govern the sale of goods where the two parties to a contract for the sale of goods are from different states. *See* N.C. Gen.Stat. § 25–1–105; Wisc. Stat. § 401.105. Both the North Carolina and Wisconsin courts applying the U.C.C. choice of law provisions have found that "the law of the state with the 'most significant relationship' to the transaction in question" will apply. *Mahoney v. Ronnie's Road Serv.,* 122 N.C.App. 150, 154, 468 S.E.2d 279, 281 (1996) (quoting *Boudreau v. Baughman,* 322 N.C. 331, 338, 368 S.E.2d 849, 855 (1988)); *Wilcox v. Wilcox,* 26 Wis.2d 617, 133 N.W.2d 408, 415 (1965).

ally lacks the requisite interest to have standing to contest a forfeiture. *$3,000 in Cash*, 906 F.Supp. at 1065.[4] The justification for this general rule is that an unsecured creditor is unable to "show that [it] held an interest in the *specific* property forfeited." *Id.* The U.C.C., as adopted by North Carolina and Wisconsin, provides means by which a buyer of goods can obtain a special property or insurable interest in goods. Section 2–501 of the U.C.C. states:

> The buyer obtains a special property and an insurable interest in goods by identification of existing goods as goods to which the contract refers ... [or][i]n the absence of an explicit agreement ... when the contract is made[,] if it is for the sale of goods already existing and identified; [or] if the contract is for the sale of future goods ..., when goods are *shipped, marked or otherwise designated* by the seller as goods to which the contract refers[.]

N.C. Gen.Stat. § 25–2–501 (emphasis added); Wisc. Stat. § 402.501. Where the requirements of § 2–501 are satisfied, the buyer, therefore, has a recognizable interest in the specific property covered by the contract, greater than any interest in the specific property of a general unsecured creditor. Therefore, the Court finds that where a creditor has obtained a special property or insurable interest under § 2–501 in goods subject to forfeiture proceedings, he has the requisite interest in the specific property forfeited to have Article III standing to challenge the forfeiture.

*See United States v. Basler Turbo–67 Conversion DC–3 Aircraft*, 78 F.3d 595 (table), 1996 WL 88075, at * 4 (9th Cir.1996) ("[Special property or an insurable interest in goods under U.C.C. 2–501] surely is a sufficient legal interest to give [claimant] standing to contest the forfeiture of [the aircraft]."); *see also, $3,000 in Cash*, 906 F.Supp. at 1065 ("Congress has indicated that the term 'owner' should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized". (internal quotations omitted)).

The determination of whether a seller has identified, shipped, marked, or otherwise designated goods under § 2–501, as the goods to which a contract refers, is a "fact intensive inquiry that turns upon the specific manner in which the seller conducts its business." *In re Quality Processing, Inc.*, 9 F.3d 1360, 1364 (8th Cir. 1993); *United States v. Long*, 706 F.2d 1044, 1049 (9th Cir.1983) (determining a good was marked or otherwise designated under 2–501 based in part on the past course of conduct in the purchase and sale of goods). Here, accepting as true all of the Claimants' allegations and drawing all reasonable inferences in their favor, the Court finds that the Claimants can prove facts that would give them a special property or insurable interest under § 2–501 and thus Article III standing to challenge the forfeiture. *See Volvo Trademark Holding Aktiebolaget, supra* (Rule 12(c) standard of review). HKHW and ARE have alleged that Chaffin "identified[,] ...

---

4. Within the Fourth Circuit, there is a narrow exception to this general rule. *See United States v. Reckmeyer*, 836 F.2d 200, 205–06 (4th Cir.1987). In *Reckmeyer*, the Fourth Circuit held that the unsecured creditor could identify an interest in the property seized because the property seized includes all of the debtor's assets, both discovered and undiscovered. *Id.*, at 206. Therefore, this exception is limited to facts where all of the debtor's assets had been subject to forfeiture. *Id.; $3,000 in Cash*, 906 F.Supp. at 1068. The forfeiture at issue here does not fit within the narrow exception carved out by the Fourth Circuit in *Reckmeyer*, as only Chaffin's ginseng and none of his other assets, are subject to the forfeiture proceedings.

marked[,] or otherwise designated" portions of the ginseng subject to the forfeiture proceedings as the specific ginseng Claimants paid for and Chaffin was planning to deliver to them. *See* N.C. Gen. Stat. § 25–2–501; Wisc. Stat. § 402.501. For example, HKHW has alleged that one container of approximately 100 pounds of ginseng was marked with "C.H. 10/15," which includes the initials of Choeng Ho, the individual who ordered the ginseng on behalf of HKHW. *See* HKHW Response, at 5–6; Exhibits B and C *attached to* HKHW Response. Additionally, other containers were marked "N.C.," as North Carolina ginseng, and ARE has alleged that Chaffin otherwise designated these amounts as the ginseng to be sent to ARE. ARE Response, at 5; Exhibit A *attached to* ARE Response. Therefore, the Court finds that HKHW and ARE have satisfied their burden under a Rule 12(c) motion and can prove facts entitling them to standing to challenge the forfeiture proceedings. Therefore, the Government's motion for judgment on the pleadings is denied with regard to Claimants HKHW and ARE.[5]

## IV. MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS AGAINST CLAIMANT LORRAINE CHAFFIN

■ The United States moves for a dismissal and judgment on the pleadings against Claimant Lorraine Chaffin on the grounds that she failed to properly file her claim and answer in compliance with the federal statute. Pursuant to 18 U.S.C. § 983(a)(4)(D), Supplemental Fed.R.Civ.P. C(6) governs the procedures by which a claimant properly asserts an interest in

property subject to a civil forfeiture proceeding filed in federal court Under this Rule, the claimant "must file a verified statement identifying the interest or right: (A) within 30 days of the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice ... or; (B) within the time the court allows." Fed.R.Civ.P. Supp. C(6)(a)(i). The claimant must then file an answer to the plaintiff's complaint within 20 days of filing the statement of interest in or right against the property. *Id.*, at C(6)(a)(iii).

■ It is within the sound discretion of the Court to dismiss a claim for failure to strictly comply with the requirements of Rule C(6), even where the claimant is proceeding *pro se. See e.g., United States v. Three Parcels of Real Property*, 43 F.3d 388, 392 (8th Cir.1994) ("Procedural default is not excused merely because claimants are proceeding *pro se.*"); *United States v. Eng*, 951 F.2d 461, 468 (2d Cir. 1991), *overruled on other grounds by Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278 (2d Cir.1997) (denying a *pro se* standing to challenge forfeiture after he filed an order to show cause instead of a verified claim as required under the federal rules); *United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir. 1990). However, while strict compliance with Supplemental Rule C(6) is generally required, the Court may "in appropriate circumstances ... depart from [it]." *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir.1993); *see also, United States v. Articles of Hazardous Substance*, 444 F.Supp. 1260, 1263 (M.D.N.C.), *aff'd in part, rev'd in part*, 588 F.2d 39 (4th Cir. 1978) (finding a claim had been asserted

---

5. Because HKHW and ARE's ownership interest in the ginseng under the U.C.C. is sufficient to defeat Plaintiff's motion for judgment on the pleadings, the Court does not address

the Claimants' argument that they have a sufficient interest in the ginseng based on a constructive trust.

despite technical noncompliance with the Federal Rules).

Here, Claimant Chaffin's assertion of an interest in the ginseng was clearly deficient in meeting the requirements of Supplemental Rule C(6). The only pleading filed with the Court by the Claimant, or on the Claimant's behalf, was a Petition for Remission of Forfeiture. The petition was filed by Michael Smith, the Claimant's father on his daughter's behalf, and not by Claimant Chaffin herself. While the petition was timely received and arguably asserted the Claimant's interest in the ginseng as the heir to her husband's estate, it was not verified by the Claimant, as required by Supplemental Rule C(6). *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597–98 (7th Cir.2000) ("Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse."). Claimant Chaffin, or her father on her behalf, also failed to file an answer as required by Supplemental Rule C(6) or any response to the Plaintiff's motion for judgment on the pleadings now before the Court. The only appearance before the Court by Claimant Chaffin, herself, was in the form of an affidavit, filed November 22, 2004, in support of Claimants ARE and HKHW's joint reply to the United States' response.

The Court finds that Claimant Chaffin's failure to personally assert her interest in the property subject to forfeiture proceedings, her failure to comply with the requirements of Supplemental Rule C(6) in properly filing a claim and an answer to Plaintiff's complaint, and her failure to respond to Plaintiff's motion for judgment on the pleadings, justifies the dismissal of her claim. Therefore, the Court grants Plaintiff's motion to dismiss and for judgment on the pleadings pursuant to Rule 12(c) against Claimant Lorraine Chaffin.

## V. ORDER

**IT IS, THEREFORE, ORDERED** that Claimants HKHW and ARE's motion for leave to file a joint reply to the Government's answer in support of its motion for judgment on the pleadings is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion for judgment on the pleadings against Claimants Hong Kong Hang Wo, Inc., and American Root Enterprises, LLC, is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for judgment on the pleadings against Claimant Lorraine Chaffin, is hereby **GRANTED,** and her claims are hereby **DISMISSED.**